David McGlothlin, Esq. (17389 UT)
david@kazlg.com
Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH,**

| | |
|---|---|
| **DEBRA JACKSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**FIRST FINANCIAL INVESTMENT FUND V, LLC AND GURSTEL LAW FIRM, P.C.,**<br><br>Defendant. | <u>**CLASS ACTION**</u><br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.**<br><br>**Case No.:** 1:21-cv-00078-CMR<br><br>**Magistrate Judge: Cecilia M. Romero**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. DEBRA JACKSON ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of First Financial Investment Fund V, LLC ("First Financial") and Gurstel Law firm, P.C. ("Gurstel") (or jointly as "Defendants") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, in violation of Federal debt collection laws.

3. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendants in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

### JURISDICTION AND VENUE

7. Jurisdiction of this Court is proper because the events leading to Plaintiff's cause of action occurred in the County of Davis and the State of Utah.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, §§1692-1692(p), et seq. ("FDCPA").

9. Because Defendants conduct business within the State of Utah, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Davis, State of Utah which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

### PARTIES

13. Plaintiff is a natural person who resides in the City of Clearfield, County of Davis, State of Utah.

14. First Financial is, and at all times mentioned herein was, a limited liability company who is located in the State of Georgia and who is registered with the Utah Secretary of State.

15. Gurstel is a debt collection law firm who is located in the State of Minnesota and who is registered with the Utah Secretary of State.

16. Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection, and are therefore "debt collectors" as that term is defined by 15 U.S.C. §1692a(6).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt, which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by 15 U.S.C. §1692a(3).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

**FACTUAL ALLEGATIONS**

19. At all times relevant, Plaintiff is an individual residing within the State of Utah.
20. At all times relevant, Defendants conducted business in the State of Utah.
21. Sometime prior to June 3, 2020, Plaintiff allegedly incurred financial obligations to the original creditor(s).
22. These alleged financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).
23. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff disputes the validity of Plaintiff's alleged debt.
24. Subsequently, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.
25. As a result, on June 3, 2020, Defendants filed a Complaint in the Second Judicial District Court of Davis County, Farmington Department against Plaintiff ("Defendants' Complaint"). Defendants' Complaint was subsequently served upon Plaintiff.
26. Defendants' Complaint constitutes "debt collection" and "communication" as that term is defined by 15 U.S.C. §1692a(2).
27. Defendants' Communication failed to identify the original creditor(s) to whom Plaintiff owed the debt.
28. Defendants' Complaint only identified the original creditor as "Plaintiff's predecessor".
29. Plaintiff was confused and frustrated because she was not able to identify where this debt originated or to whom the debt was originally owed.
30. This conduct was a material violation of the FDCPA because it potentially frustrates the

ability of the least sophisticated debtor to intelligently choose an adequate response because the debtor cannot determine which debt Defendants' Complaint was referencing.

31. Defendants' failure to identify the original creditor of the debt overshadowed the protections of 15 U.S.C. § 1692e.

32. Defendants' failure to provide the name of the original creditor and Defendants' statement that Defendants' Complaint was regarding "Plaintiff's predecessor" was misleading and deceptive.

33. Through this conduct, Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt.

34. Through this conduct, Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in connection with the collection of Plaintiff's alleged debt.

35. Through this conduct, Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.

## CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of themselves individually, and on behalf of all others similarly situated ("the Class").

37. Plaintiff represents, and is a member of the Class, defined as follows:

> (i) all persons (ii) who were served with a lawsuit by Defendants; (iii) to recover a consumer debt; (iv) that did not disclose the identity of the original creditor of the debt; (v) at any time one year prior to the date of the filing of this Action.

38. Defendants and their employees or agents are excluded from the Class.

39. Plaintiff does not know the exact number of persons in the Class, but believe them to be in the tens of hundreds, if not thousands, making joinder of all these actions impracticable.

40. The joinder of the Class members is impractical and the disposition of their claims in the

Class action will provide substantial benefits both to the parties and to the court. The identity of the individual members is ascertainable through Defendants and/or Defendants' agents' records or by public notice.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a) Whether Defendants' Complaint violated the FDCPA;
    b) Whether members of the Class are entitled to the remedies under the FDCPA;
    c) Whether members of the Class are entitled to declaratory relief;
    d) Whether members of the Class are entitled to injunctive relief;
    e) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and,
    f) Whether Defendants can satisfy the bona fide error affirmative defense.

42. As a person that received at least one written communication from Defendants in violation of federal debt collection laws, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately protect the interests of the Class.

43. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

44. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with the FDCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FDCPA are $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g.,

securities fraud.

46. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

47. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

48. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

51. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

- That this action be certified as a class action on behalf of the Class as requested herein;
- That Plaintiff be appointed as representative of the Class;
- That Plaintiff's counsel be appointed as counsel for the Class;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C § 1692k(a)(1), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C.

§1692k(a)(2)(A), for each plaintiff and putative class member;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) for each plaintiff and putative class member;
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

52. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 2, 2021                                                                 Respectfully submitted,

/s/ Ryan L. McBride
RYAN L. MCBRIDE, ESQ.
ATTORNEY FOR PLAINTIFF