IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEBRA JACKSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST FINANCIAL INVESTMENT FUND V, LLC and GURSTEL LAW FIRM, P.C.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS<br><br><br>Case No. 1:21-CV-78 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Joint Motion for Judgment on the Pleadings. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff received medical services from the predecessor-in-interest ("Predecessor") of First Financial Investment Fund V, LLC ("First Financial") on or about July 8, 2014. Plaintiff allegedly owes Predecessor $2,561.07. First Financial was assigned the rights and interest to collect upon the non-payment of those medical services. First Financial, represented by the Gurstel Law Firm, P.C. ("Gurstel"), brought suit against Plaintiff in Utah state court for collection of that debt. Plaintiff complains that Defendants' state court complaint (the "Collection Complaint") violated the Fair Debt Collection Practices Act ("FDCPA") by failing to identify the original creditor.

1

## II.  STANDARD OF REVIEW

Defendants seek judgment on the pleadings under Rule 12(c).  The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[1]  In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[3] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[4]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the

---

[1] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[7]

In considering a motion to dismiss, a district court considers not only the complaint "but also the attached exhibits,"[8] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[9] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[10] Both parties have submitted materials outside the pleadings. The Court has considered only the Collection Complaint, which is central to Plaintiff's claims and not disputed.

### III. DISCUSSION

Plaintiff asserts Defendants violated the FDCPA by failing to include the name of the original creditor in the Collection Complaint. Relevant here, 15 US.C. § 1692e states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

---

[7] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[8] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[9] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[10] *Jacobsen*, 287 F.3d at 941.

To establish a violation of the FDCPA, Plaintiff must show that (1) she is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) her debt arises out of a transaction entered into primarily for personal, family, or household purposes, as required by 15 U.S.C. § 1692a(5); (3) Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6); and (4) Defendants, through their acts or omissions, violated a provision of the FDCPA. Only the final element is in question here.

Courts in this district evaluate FDCPA claims under the objective standard of the "least sophisticated consumer."[11] Under this standard, a representation violates the FDCPA if it is likely to deceive or mislead a person with no more than a rudimentary amount of information and education.[12] Such an individual is not entirely unsophisticated; she is rational and willing to read carefully[13] and has "a reasonable knowledge of her account's history."[14]

Plaintiff complains that Defendants violated the FDCPA by failing to identify the original creditor in the Collection Complaint. As a general matter, "[t]o preserve the protections and policies of the FDCPA, it is important to know the proper identity of the creditor. Knowing a creditor's identity allows the 'least sophisticated consumer' to make more informed decisions on

---

[11] *See, e.g., Smith v. Johnson Mark LLC*, No. 1:20-cv-00032-RJS-DAO, 2021 WL 66297, at *3 (D. Utah Jan. 7, 2021); *see also Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. 1997) (unpublished table decision) (explaining the "least sophisticated consumer" standard without explicitly adopting or relying on it); *Fouts v. Express Recovery Servs., Inc.*, 602 F. App'x 417, 421 (10th Cir. 2015) (unpublished) (referencing the "least sophisticated consumer" standard).

[12] *Smith*, 2021 WL 66297, at *3 (citing *Ferree*, 1997 WL 687693, at *1).

[13] *Id.*

[14] *Wahl v. Midland Credit Mgmt. Inc.*, 556 F.3d 643, 646 (7th Cir. 2009).

how to communicate with the creditor and avoid being misled."[15] Thus, courts, including this one, have concluded that a debt collector may violate the FDCPA by misstating or failing to identify the original creditor.[16]

For example, in *Tourgeman*, the collection letters falsely identified the original creditor and contained an incorrect account number.[17] The Ninth Circuit held that "in the context of debt collection, the identity of a consumer's original creditor is a critical piece of information, and therefore its false identification in a dunning letter would be likely to mislead some consumers in a material way."[18]

Similarly, in *Isham*, the court denied summary judgment where the plaintiff provided evidence that the debt collector misidentified the original creditor.[19] At the time of the initial communication, the plaintiff was engaged in litigation with a different debt collector regarding the same debt.[20] Because of this, the court found that "it would be important for [the plaintiff] to know . . . whether it was the same creditor or a different creditor who was trying to collect this debt."[21]

---

[15] *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986, 996 (D. Ariz. 2010).

[16] *See Moore v. Express Recovery Serv., Inc.*, No. 1:16-cv-00126-TC-EJF, 2019 WL 77325, at *2 (D. Utah Jan. 2, 2019) (citing *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014); *Isham*, 738 F. Supp. 2d at 996; *Heathman v. Portfolio Recovery Assocs., LLC*, No. 12-CV-515, 2013 WL 3746111 (S.D. Cal. July 15, 2013); *Schneider v. TSYS Total Debt Mgmt., Inc.*, No. 06-C-345, 2006 WL 1982499, at *3–4 (E.D. Wisc. July 13, 2006)).

[17] *Tourgeman*, 755 F.3d at 1119.

[18] *Id.* at 1121.

[19] *Isham*, 738 F. Supp. 2d at 996.

[20] *Id.*

[21] *Id.*

In *Schnieder*, the debt collector referred to the original creditor only as "Target" while the actual creditor was allegedly Target National Bank.[22] On a motion to dismiss, the court found that the plaintiff had sufficiently alleged a violation of § 1692g(a)(2), which requires a dunning letter to include "the name of the creditor to whom the debt is owed." The court noted that "without the full and complete name of the creditor," it was not appropriate at that stage "to determine whether the unsophisticated debtor would be confused by the collection letter."[23]

In *Heathman*, the state court collection complaint failed to identify the original creditor. It then "compound[ed] that omission by repeatedly referencing the purported debt as owed to 'Plaintiff,' yet ambiguously identif[ied] both [the debt collector] and an unspecified 'predecessor' as 'Plaintiff.'"[24] Since the state court complaint could have two different meanings—the original debt could be owed to either the debt collector or the unidentified predecessor—the court found that it was deceptive under the FDCPA.[25]

In *Moore*, the defendant sent a letter that simply identified the creditor as "Your Creditors" despite the fact that the plaintiff had five debts from two different entities.[26] The court held that the failure to identify the original creditors or the individual accounts could mislead the least sophisticated consumer.[27]

---

[22] *Schneider*, 2006 WL 1982499, at *1.

[23] *Id.* at *3.

[24] *Heathman*, 2013 WL 3746111, at *4.

[25] *Id.*

[26] *Moore*, 2019 WL 77325, at *1.

[27] *Id.* at *3.

In contrast, courts have found that failure to include the name of the original creditor would not confuse the least sophisticated consumer where she could discern the original creditor from the information provided in the collection correspondence.[28]  For example, the collection letter in *Lait* did not explicitly state the original creditor but the court found this failure would not confuse the least sophisticated consumer.  The court noted that the letter stated that it was an attempt to collect a debt, identified the sender as a collection agency/debt collector, explained that the account referenced in the letter was placed with the agency for collection, and then listed the medical provider as the "Facility Name" that corresponded to the delinquent account.[29] Under these circumstances, the court concluded that "[i]t is hard to imagine to whom the least sophisticated consumer would think he owes money if not [the medical provider]—particularly since it was the consumer himself who personally incurred the medical debt" and the name of the hospital "was listed on that account."[30]

Similarly, in *Schmitt* the collection complaint contained the following allegations:

1. Plaintiff is a legal entity existing under the laws of the United States.
2. Defendant is a resident of the county of SARPY County, Nebraska.
3. On or about July 27, 2007, Defendant did enter into a contract.
4. Defendant breached the contract by failing to make payment in accord with the terms of the contract.
5. After giving Defendant credit for all payments made, as of April 27, 2018, there remains an unpaid principal balance of $16,370.25.
6. Plaintiff is damaged as a result in the amount of $16,370.25.

---

[28] *See Gold v. Midland Credit Mgmt., Inc.*, 82 F. Supp. 3d 1064, 1075–77 (N.D. Cal. 2015); *Schmitt v. Messerli & Kramer, P.A.*, No. 8:19CV155, 2019 WL 3842713, at *3 (D. Neb. Aug. 15, 2019); *Lait v. Med. Data Sys.*, No. 1:17-CV-378-WKW, 2018 WL 1990513, at *5 (M.D. Ala. Apr. 26, 2018); *Hammett v. AllianceOne Receivables Mgmt., Inc.*, No. 11-3172, 2011 WL 3819848, at *4–5 (E.D. Pa. Aug. 30, 2011).

[29] *Lait*, 2018 WL 1990513, at *5.

[30] *Id.*

> 7. Upon information and belief, Defendant is not an active member of the Armed Forces of the United States or of its Allies.[31]

The plaintiff in the FDCPA action asserted that the collection complaint violated §§ 1692e(10) and 1692f. He argued that the complaint was "misleading because it failed to state whether the contract was oral or written, attach a copy of the contract to the complaint, identify with whom [he] entered into the contract, or identify the charges constituting the amount sought."[32] The court concluded that because the FDCPA did not require such information, the lack of it could not form the basis of an FDCPA claim.[33] The court rejected the plaintiff's claim that the omission of certain information from a collection complaint made it "so vague that an unsophisticated consumer could not have understood to which debt it referred."[34]

Given the allegations contained in the Collection Complaint here, the Court cannot conclude that the least sophisticated consumer would be misled because of Defendants' failure to identify the original creditor. The Collection Complaint identifies the type of debt Plaintiff incurred (medical services), the date on which Plaintiff obtained those medical services (July 8, 2014), and the specific amount that Plaintiff owed ($2,561.07).[35] Given this detailed information, the failure to include the name of the original creditor would not mislead the least sophisticated consumer as to the source of the original debt.

---

[31] *Schmitt*, 2019 WL 3842713, at *1.

[32] *Id.* at *3.

[33] *Id.*

[34] *Id.*

[35] Docket No. 28-1, at 2.

The allegations in this case do not rise to the level of potential confusion found in those cases cited by Plaintiff. There is no suggestion that Defendants misidentified the original creditor or that the Collection Complaint contained potentially confusing allegations, as were present in *Schnieder*, *Heathman*, and *Moore*. Instead, the Collection Complaint identifies a single debt, originally owed to a single creditor, for medical service provided on a specific date, and billed at a certain amount. Therefore, Plaintiff's claim that Defendants' failure to include the name of the original creditor in the Collection Complaint cannot form the basis of an FDCPA violation.

This conclusion is supported by the fact that other provisions of the FDCPA affirmatively require a debt collector to disclose the name of the original creditor in certain circumstances. Section 1692g(a)(5) requires that a debt collector's initial communication or timely follow-up provide "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." If the consumer requests that information, Section 1692g(b) then requires a creditor to identify the original creditor prior to resuming collection activities. The fact that the FDCPA specifies the circumstances under which a debt collector must provide a consumer with the name of the original creditor suggests that omission of that information in other circumstances is not, without more, a violation of the FDCPA.

The Eight Circuit reached the same conclusion in *Haney v. Portfolio Recovery Associates, LLC*.[36] There, the plaintiff asserted that a debt collector's failure to include the

---

[36] 895 F.3d 974 (8th Cir. 2016).

original creditor in a dunning letter violated § 1692e. The court found that the failure to include the original creditor in a dunning letter could not provide the basis for a claim under § 1692e because "§ 1692g(a)(5) specifically anticipates that an initial communication may omit the identity of the original debtor."[37] Thus, while the debt collector "could have disclosed more information in its initial communication, it was not required to do so."[38] The same is true here. The Collection complaint could have included the name of the original creditor but its failure to do so does not result in an FDCPA violation. Therefore, Plaintiff's claims fail.

In her Opposition to Defendants' Motion, Plaintiff requests leave to amend should the Court find her allegations insufficient. However, Plaintiff fails to identify any additional facts that might salvage her claims. Such a conclusory request for leave to amend is insufficient.[39] Moreover, any attempt to amend would likely be futile because the language of the Collection Complaint will not change. Therefore, Plaintiff's request for leave to amend is denied.

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Joint Motion for Judgment on the Pleadings (Docket No. 28) is GRANTED.

DATED this 19th day of January, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[37] *Id.* at 990.

[38] *Id.*

[39] *See Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010).